**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-246-FDW**

| | |
|---|---|
| **BRADFORD D. ALLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **MADISON CO. SHERIFF'S DEPT./JAIL,** ) | |
| **ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 13). See 28 U.S.C. §§ 1915(e)(2); 1915A. On February 3, 2016, the Clerk entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 15). Therefore, Plaintiff is proceeding in forma pauperis.

**I.  BACKGROUND**

Pro se Plaintiff Bradford D. Allen, a pre-trial detainee currently incarcerated at Cherokee County Detention Center in Murphy, North Carolina, filed this action on November 2, 2015, pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint on January 19, 2016, and he filed a second amended complaint on February 1, 2016. Plaintiff purports to brings numerous claims based on Defendants' conduct while Plaintiff was incarcerated at the Madison County Jail, including excessive force in violation of his constitutional right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution, deliberate indifference to serious medical needs, a violation of his First Amendment right to redress

1

grievances and access to the courts, and retaliation for complaining about his treatment and conditions at the jail.[1]  In his Complaint, Plaintiff names the following as Defendants: (1) Madison County Sheriff's Office/Jail; (2) Buddy Harwood, identified as the Sheriff of Madison County; (3) Michael Garrison, identified as the Chief of the Madison County Sheriff's Office; and (4) Tommy Worley, identified as a correctional officer at the Madison County Jail.  Plaintiff complains about Defendants' actions on various, unspecified dates.

As to Defendant Worley, Plaintiff alleges that, on some unspecified date, Worley "assaulted and used excessive force against Plaintiff by calling him boy, and shooting him in his chest and stomach with a taser gun when [Plaintiff] was not violating any jail rule, and was not acting aggressively, disruptively, or in any challenging way." (Doc. No. 13 at 3).  Plaintiff also alleges that Worley gave a false report on a 911 call and did not state the facts in regard to Plaintiff's injury and medical needs, thus preventing the responding EMTs to fully assess Plaintiff's injuries.  (Id.).  Plaintiff alleges that Defendants Harwood and Garrison "showed no regard for defendant Worley's action, and did not offer any follow-up medical attention to Plaintiff Allen's serious medical needs." (Id.).  Plaintiff alleges that Harwood and Garrison placed Plaintiff in segregation immediately after the assault by Worley.  Plaintiff also alleges that Harwood and Garrison then ignored Plaintiff's rights to exhaust the jail's grievance process and "blatantly ignored Plaintiff's medical request even though Plaintiff complained of a second seizure on 9/21/15." (Id.).  Plaintiff also alleges that, while in segregation, Defendants Harwood and Garrison retaliated against Plaintiff for complaining to U.S. Marshals and his attorney by

---

[1] [1]  Although Plaintiff references the Eighth Amendment, his excessive force claim is properly analyzed under the Due Process Clause of the Fourteenth Amendment since he was a pretrial detainee when the alleged excessive force occurred.

denying his mail, phone use, exercise, and access to the courts. (Id. at 4).

Based on the above factual allegations, Plaintiff purports to allege numerous constitutional violations by Defendants, including an excessive force claim, a claim for deliberate indifference to serious medical needs, a claim for a violation of his First Amendment right to access to the courts and the right to redress grievances, and a claim of retaliation for reporting the constitutional violations. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Id. at 4-5).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

The Court first finds that Defendant Madison County Sheriff's Office/Jail will be

dismissed as a Defendant because the sheriff's office is not a legal entity capable of being sued. As to Defendants Harwood, Garrison and Worley, taking Plaintiff's allegations as true for the purposes of initial review, the Court finds that Plaintiff's claims against Defendants Harwood, Garrison, and Worley are not clearly frivolous and they therefore survive initial review.[2]

**IV. CONCLUSION**

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, as to Defendants Harwood, Garrison, and Worley. Defendant Madison County Sheriff's Office/Jail is dismissed to the extent that it is not a legal entity capable of being sued.[3]

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint, (Doc. No. 13), survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to Defendants Harwood, Garrison, and Worley. The Madison County Sheriff's Office/Jail is dismissed as a Defendant.

2. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on the remaining Defendants. Once the Court receives the summons, the U.S. Marshal shall effectuate service on Defendants at the addresses provided by Plaintiff.

Frank D. Whitney
Chief United States District Judge

---

[2] However, Plaintiff's claims for declaratory and injunctive relief have been rendered moot since Plaintiff has been transferred away from the Madison County Jail.
[3] This ruling does not prevent Defendants from moving to dismiss this action based on any affirmative defenses, abstention principles, etc.